**In re Tammy FISH, Debtor.**

**In re Elizabeth FRANKLIN, Debtor.**

**In re Gina WILLIAMS, Debtor.**

**In re Carl BROSKIE, Debtor.**

**In re James and Karen MEYER, Debtors.**

**Bankruptcy Nos. 98–30145, 97–30374, 98–30496, 98–40328, 96–40857.**

United States Bankruptcy Court, S.D. Illinois.

Aug. 27, 1998.

Donald Samson, Belleville, IL, Trustee.

Laura Grandy, Belleville, IL, Trustee.

Michelle Vieira, Carbondale, IL, Trustee.

William Mueller, Belleville, IL, for Debtors.

### OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

In each of the chapter 7 cases under consideration, debtor claims an earned income tax credit as exempt pursuant to 735 ILCS 5/12–1001(g)(1). In all cases, the chapter 7 trustee has filed an objection to the claimed exemption. Additionally, in the Tammy Fish and Elizabeth Franklin cases, the trustee has filed a motion for turnover of the funds claimed by debtors as exempt.

The Illinois exemption statute on which debtors rely provides as follows:

Personal property exempt. The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:

(g) The debtor's right to receive:

(1) a social security benefit, unemployment compensation, or *public assistance benefit* ....

735 ILCS 5/12–1001(g)(1) (emphasis added). The question in all of the cases now before the Court is whether an earned income credit is a "public assistance benefit" within the meaning of section 5/12–1001(g)(1).

The earned income credit is codified in the Internal Revenue Code at 26 U.S.C. § 32.[1] In *Sorenson v. Secretary of Treasury*, 475 U.S. 851, 854–55, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986),[2] the Supreme Court explained the nature of the earned income credit as follows:

Unlike other credits, which can be used only to offset tax that would otherwise be owed, the earned income credit is "refundable." Thus, if an individual's earned income credit exceeds his tax liability, the excess amount is "considered an overpayment" of tax. ...An individual who is entitled to an earned income credit that exceeds the amount of tax he owes thereby receives the difference as if he had overpaid his tax in that amount.

In discussing the purpose of the earned income credit, the *Sorenson* Court stated:

The earned income credit was enacted to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income (welfare payments are not similarly taxed), to stimulate the economy by funneling funds to persons likely to spend the money immediately, and to provide relief for low income families hurt by rising food and energy prices.

*Id.* at 864, 106 S.Ct. 1600.

Several courts that have considered the issue have found that earned income credits are exempt as public assistance benefits. *See, e.g., In re Brown*, 186 B.R. 224 (Bankr. W.D.Ky.1995); *In re Goldsberry*, 142 B.R. 158 (Bankr.E.D.Ky.1992) (earned income credits exempt as "public assistance" under Kentucky law); *In re Davis*, 136 B.R. 203 (Bankr.S.D.Iowa 1991) (earned income credit exempt as "local public assistance benefit"); *In re Jones*, 107 B.R. 751 (Bankr.D.Idaho 1989) (debtor entitled to exempt earned income credit as a benefit received under "public assistance legislation"). *But see In re Goertz*, 202 B.R. 614 (Bankr.W.D.Mo.1996) (earned income credit not exempt as a "*local* public assistance benefit"). In *Brown* and *Goldsberry*, the courts found that earned income credits fell within Kentucky's definition of "public assistance," which is broadly defined by that state to include "money grants, assistance in kind or services to or for the benefit of needy aged, needy blind, needy permanently and totally disabled persons, needy children, or persons with whom a needy child lives or a family containing a combination of these categories...." *Brown*, 186 B.R. at 226 (citing K.R.S. 205.010(3)).

In *In re Brockhouse*, 220 B.R. 623, 625 (Bankr.C.D.Ill.1998), the only reported decision from Illinois to consider this issue, the court held that given the liberal construction of exemption statutes, earned income credits are exempt as public assistance benefits under section 5/12–1001(g)(1). The court based its holding on the "fresh start policy of the Bankruptcy Code, the purpose of the earned income credit of providing a payment to low income families to help them meet the basic costs of life, and the purpose of the Illinois exemption statutes of protecting debtors and their families." *Id.*

Unfortunately, there is no definition of "public assistance" under Illinois law. The

---

**1.** That statute provides:
   (a) Allowance of credit—
   (1) In general. In the case of an eligible individual, there shall be allowed as a credit against the tax imposed by this subtitle for the taxable year an amount equal to the credit percentage of so much of the taxpayer's earned income for the taxable year as does not exceed the earned income amount.

26 U.S.C. § 32(a).

**2.** In *Sorenson,* the Court held that earned income credits are subject to interception pursuant to 26 U.S.C. § 6402(c), which allows the Secretary of the Treasury to intercept certain tax refunds on behalf of a state as assignee for past due child support.

chapter 7 trustees, however, argue that the definition of "public aid" is controlling. The Illinois Public Aid Code defines "public aid" as follows:

> "Public aid." Financial aid and all rehabilitative and other services provided *under this Code* for basic maintenance support; medical, surgical, dental, pharmaceutical, optometric, nursing services, or other remedial care recognized under State law; rehabilitative services; education, training or retraining for employment or self-support work; funeral and burial expenses; and such other care and services as are determined to be necessary in each case.

305 ILCS 5/2–2 (emphasis added). The trustees contend that the language "under this Code" is restrictive and limits the definition of "public assistance" to that which is provided by the Illinois Public Aid Code. Thus, they argue, because the earned income credit was created by federal law, it does not fall within the definition of "public assistance" under Illinois law.

■ The trustees' argument is premised on the assumption that "public assistance" has the same meaning as "public aid" under Illinois law. The Court disagrees. The exemption statute on which debtors rely contains no language restricting the exemption to public aid that is provided by the State of Illinois. Moreover, the Illinois Public Aid Code was in effect at the time the exemption statute was enacted.[3] Therefore, had the legislature intended to limit this exemption, it could have done so by providing for the exemption of "public aid benefits" or by otherwise limiting the exemption to benefits provided by the Public Aid Code. In the absence of any such limitation,[4] the Court concludes that the term "public assistance" is broader and more encompassing than the term "public aid" in the Public Aid Code.

The question, then, is whether earned income credits are a form of public assistance and therefore exempt as a "public assistance benefit" under 5/12–1001(g)(1). Given the lack of any definition of "public assistance" under state law, the Court must resolve this question by consideration of other significant factors. The Supreme Court has already found that one of the purposes of the earned income credit is *"to provide relief for low income families* hurt by rising food and energy prices." *Sorenson v. Secretary of Treasury,* 475 U.S. at 864, 106 S.Ct. 1600 (emphasis added). A finding that earned income credits are a form of public assistance, and therefore exempt from the reach of creditors, clearly furthers this purpose.

Other courts have also recognized Congress' intent to assist the needy through enactment of the earned income credit. For example, in *In re Beagle,* 200 B.R. 595, 598[5] (Bankr.N.D.Ohio 1996), the court stated that "[l]eaving [earned income] payments subject to the satisfaction of general obligations of the recipient appears to be wholly at odds with Congress' intent in enacting the earned income credit program." And in *In re Barnett,* 214 B.R. 632 (Bankr.W.D.Okla.1997), the court stated:

> [W]e are dealing here with "poor, but honest" debtors for whom the government has enacted laws intended to relieve their extreme poverty. These are not the "high flying" debtors with above-average incomes that this Court frequently encounters. The debtors in this case are truly in need of a "fresh start" which the Bankruptcy Code was designed to provide. It is difficult to understand why more effort is not expended by other counsel, the trustees, and the courts to permit impoverished debtors to keep their earned income credit rather than expending time, effort

---

3. The Illinois Public Aid Code became effective April 11, 1967. *The exemption statute at issue was enacted in 1982.*

4. Similarly, the other benefits listed in 5/12–1001(g)(1) (social security benefits and unemployment compensation) are not limited or defined by reference to any specific statutory authority.

5. In *Beagle,* the court ultimately held that the debtor could not exempt an earned income credit because a state law allowing the exemption of "poor relief payments" had been amended to eliminate that provision.

and legal skills in trying to take the earned income credit away from such debtors.

*Id.* at 634 (citations omitted).

In addition, the Court believes that it is prudent to consider the purpose of exemption statutes. The Seventh Circuit has held that "personal property exemption statutes should be liberally construed in order to carry out the legislature's purpose in enacting them—to protect debtors." *Matter of Barker,* 768 F.2d 191, 196 (7th Cir.1985). Thus, if an exemption statute can be construed in a manner that is both favorable and unfavorable to a debtor, the favorable construction should be chosen. *Id.* In light of the liberal construction of exemption statutes and the case law on this issue, the Court finds that earned income credits are exempt as a "public assistance benefit" under 735 ILCS 5/12–1001(g)(1).[6] Accordingly, the trustees' objections to exemptions in the above cases are OVERRULED, and the trustees' motions for turnover in BK No. 98–30145 and BK No. 97–30374 are DENIED.

---

**6.** The Court's holding is limited solely to the issue now before it—that is, whether earned income credits are exempt as a public assistance benefit. Whether other types of benefits qualify as public assistance will be determined on a case by case basis.