### In the Matter of Sonya D. LONGSTREET, Darry K. Longstreet, Debtors.

**Bankruptcy No. 99–04016–D J.**

United States Bankruptcy Court, S.D. Iowa.

Feb. 28, 2000.

Ray Choudhry, Moline, Il, for Debtors.

Burton H. Fagan, Bettendorf, IA, Ch. 7 Trustee.

## MEMORANDUM OF DECISION

LEE M. JACKWIG, Bankruptcy Judge.

Chapter 7 Debtors Sonya and Darry Longstreet claim their Federal Earned Income Credit (EIC) exempt from the bankruptcy estate. Trustee Burton Fagan objects. On February 1, 2000 the Court conducted a nonevidentiary telephonic hearing on the controversy. At the conclusion of the arguments, the Court took the matter under advisement.

The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334 and the standing order of reference entered by the U.S. District Court for the Southern District of Iowa. This is a core matter under 28 U.S.C. § 157(b)(2)(B).

## BACKGROUND

On October 22, 1999 the Debtors filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. On November 29, 1999 they amended their Schedule C (Property Claimed as Exempt) to include a claim of exemption in their EIC under Iowa Code § 627.6(8)(a). That section permits a debtor, who is an Iowa resident, to exempt from execution his or her rights in "[a] social security benefit, unemployment compensation, or any public assistance benefit."

On December 2, 1999 the Trustee timely filed his objection. He contended an EIC was not a scheduled exemption under Iowa law. He also argued one of the Debtors had already claimed a blanket $1000.00 exemption in wages and tax refunds under another subsection of Iowa Code § 627.6.[1]

---

1. The trustee did not specify the subsection upon which he relied for this argument. The court assumes he meant Iowa Code § 627.6(9)(c). That section provides:

A debtor who is a resident of this state may hold exempt from execution the following property:

. . . .

On December 6, 1999 the Debtors filed their response. They pointed out the Iowa legislature amended § 627.6(8)(a) on May 17, 1999 by changing the terminology qualifying "public assistance benefit" from "a local" to "any."[2] Relying on a dictionary definition of "public assistance" as "government aid" and speculating that a "benefit" could be monetary or non-monetary, the Debtors concluded an EIC was a government aid because it was a fully refundable tax credit that provided cash assistance to low income workers.

During the February 1, 2000 hearing, the Trustee acknowledged the recent change in terminology in § 627.6(8)(a) but questioned what the amendment really covered. He contended the Iowa Legislature should have specifically provided that an EIC was a public assistance benefit if it intended the amendment to include such a credit. Relying on Iowa Code § 4.1(38),[3] Debtors' attorney countered that there was no reason to resort to legislative intent because the meaning of "any public assistance benefit" is plain on its face. He urged the phrase "public assistance" be construed according to its ordinary usage because it is not a technical term defined in the statute, in the case law, or in Black's Law Dictionary.

9. Any combination of the following, not to exceed a value of five thousand dollars in the aggregate:

. . . .

   c. In the event of a bankruptcy proceeding, the debtor's interest in accrued wages and in state and federal tax refunds as of the date of filing of the petition in bankruptcy, not to exceed one thousand dollars in the aggregate. This exemption is in addition to the limitations contained in sections 642.21 and 537.5105.

Iowa Code § 627.6(9)(c).

2. The Act of May 17, 1999 (H.F.660), ch. 131, section 1, 1999 Iowa Acts 270 (relating to certain property of a debtor which is exempt from execution, and providing an effective date and for the act's applicability) amended the "public assistance benefit" provision in Iowa's exemption statute. The prior statute read:

## DISCUSSION

With certain exceptions not relevant here, a bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). A debtor may exempt some property from the estate pursuant to 11 U.S.C. § 522(b). That section provides:

   (b) Notwithstanding § 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection. In joint cases filed under section 302 of this title and individual cases filed under section 301 or 303 of this title by or against debtors who are husband and wife, and whose estates are ordered to be jointly administered under Rule 1015(b) of Federal Rules of Bankruptcy Procedure, one debtor may not elect to exempt property listed in paragraph (1) and the other debtor elect to exempt property listed in paragraph (2) of this subsection. If the parties cannot agree on the alternative to be elected, they shall be deemed to elect paragraph (1), where such election is permitted under the law of the jurisdiction where the case is filed. Such property is—

   A debtor who is a resident of this state may hold exempt from execution the following property:

  . . . .

  8. The debtor's rights in:
   a. A social security benefit, unemployment compensation, or a local public assistance benefit.

Iowa Code § 627.6. The amendment replacing the words " a local" with the word "any" took effect upon enactment.

3. Iowa Code § 4.1(38) provides that "[w]ords and phrases shall be construed according to the context and the approved usage of the language; but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in law, shall be construed according to such meaning."

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2) · 

(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

11 U.S.C. § 522(b). There is no issue regarding the Debtors' Iowa domicile. Iowa is an "opt-out" state. Iowa Code § 627.10. Therefore, if the EIC under consideration is exempt, it must be exempt under Iowa law.[4]

■ Property claimed exempt is exempt unless a timely objection to the exemption is made. 11 U.S.C. § 522(1). *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 642, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). The objecting party has the burden of proving the exemption is not properly claimed. Fed.R.Bankr.P. 4003(c). In resolving an exemption controversy, the court is mindful of the well-settled proposition that Iowa's exemption statutes must be liberally construed. *Frudden Lumber Co. v. Clifton*, 183 N.W.2d 201, 203 (Iowa 1971). Yet, the court must be careful not to depart substantially from the express language of the exemption statute or to extend the legislative grant. *Matter of Hahn*, 5 B.R. 242, 244 (Bankr.S.D.Iowa 1980), citing *Wertz v. Hale*, 212 Iowa 294, 234 N.W. 534 (1931) and *Iowa Methodist Hospital v. Long*, 234 Iowa 843, 12 N.W.2d 171 (1943).

I. The Property In Issue.

■ The EIC is a federal credit available to eligible persons filing federal tax returns through the tax refund process. 26 U.S.C. § 32 (1994). It differs from other traditional "tax credits" in that some eligible filers need not have paid or owed taxes during the year for which they qualify for the credit. *Id.* Thus the EIC goes beyond mere tax relief to become, in essence, a grant. The credit was "enacted to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income (welfare payments are not similarly taxed), to stimulate the economy by funneling funds to persons likely to spend the money immediately, and to provide relief for low-income families hurt by rising food and energy prices." *Sorenson v. Secretary of the Treasury of the United States*, 475 U.S. 851, 864, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986) (internal citations omitted). Since an EIC is available even when no tax is owing, the property in issue may be construed as a government aid payment.

II. The Phrase In Issue.

"Public assistance benefit" is not a technical phrase, and it has not acquired a peculiar and appropriate meaning in law. Neither the Iowa exemption statute nor the case law interpreting it define the term in a unique fashion. Black's Law Dictionary (7th ed.1999) does not define "public assistance" or "public assistance benefit." A plain reading of § 627.6(8)(a) suggests the phrase should be construed according

4. Debtors do not contend their EIC would be exempt under any nonbankruptcy Federal law pursuant to 11 U.S.C. § 522(b)(2)(A).

to the context of the statute and its common meaning.

Merriam Webster's Collegiate Dictionary (10th ed.1994) defines "public assistance" as "government aid to needy, blind, aged, or disabled persons and to dependent children." The modifier "any" makes the scope of "public assistance benefit" quite broad. The term appears in conjunction with "[a] social security benefit" and "unemployment compensation." Thus, in the context of the Iowa exemption statute and according to its common meaning, "public assistance benefit" includes government aid payments like the property in issue.

III. The Precedent In Issue.

[redacted] Even if the statute were not clear on its face, the court cannot overlook what appears to be a legislative response to certain bankruptcy case law that relied on the prior modifier, "a local," in analyzing a debtor's claim of exemption in an EIC.[5] "[I]n construing a statutory change, a court must assume that the legislature was aware of the court's prior construction of the statute." *Fouts v. Mason,* 592 N.W.2d 33, 37 (Iowa 1999) (citing *Tri-State Ins. Co. v. De Gooyer,* 379 N.W.2d 16, 19 (Iowa 1985)).

The Court in *Matter of Davis,* 136 B.R. 203, 207 (Bankr.S.D.Iowa 1991) decided that "a local public assistance benefit" included an EIC. The court, however, observed:

> While the Court recognizes that the term 'local' qualifies the type of benefits which are exempt, the trustee has made no argument that an earned income credit is not a 'local' public assistance benefit. Absent any such argument by the trustee, and in light of the liberal interpretation courts are to give Iowa exemption statutes, the Court finds the earned income credit in this case is exempt under § 627.6(8)(a).

*Davis,* 136 B.R. at 207. The same judge later ruled that an EIC was not a "local public assistance benefit" when the issue regarding the modifier "a local" was raised by the trustee. *Matter of Peckham,* No. 97-01117-WH (Bankr.S.D.Iowa January 26, 1998). See also *Matter of Crouch,* No. 96-23085-D (Bankr.N.D.Iowa, May 13, 1997) (holding that an EIC was neither a social security benefit nor a local public assistance benefit).

The *Peckham* and *Crouch* opinions adopted the reasoning of *In re Goertz,* 202 B.R. 614 (Bankr.W.D.Mo.1996). In that case, the bankruptcy court interpreted language in the Missouri exemption statute that was identical to pre-amendment § 627.6(8)(a). Focussing on the word "local," the court stated:

> If Debtor's definition were applied to include a federal benefit, the illogical result would be that 'local' would take on a meaning approaching an antonym, i.e. something federal, general, comprehensive and greater in scope than local. If the legislature had intended a broader meaning, it could have simply omitted the word 'local' altogether. Alternatively, the legislature could have defined the term in the statute or employed more explicit language, such as 'federal, state or local public assistance benefit.'

202 B.R. at 617-18.[6] By removing the disqualifying modifier "local" and replacing it with the general adjective "any," the Iowa legislature seemingly acted upon *Goertz'* drafting suggestion to address the *Davis'* observation and to overcome the explicit rulings in *Crouch* and *Peckham.*

5. The Court has not located any state court caselaw addressing whether an EIC is a public assistance benefit.

6. The undersigned judge followed the *Goertz* reasoning in concluding an EIC was not exempt under § 627.6(8)(a). *Matter of Alley,* No. 97-01033-WJ (Bankr.S.D.Iowa August 19, 1997). (A summary of the telephonic ruling is currently available at S.D.Iowa PACER).

IV. The Policy In Issue.

The task of the exemption statute is to "protect the family from impoverishment." *Davis*, 136 B.R. at 207. The EIC helps fulfill that objective. "The class of persons that Congress intended to benefit by creating the 'Earned Income Credit' Program in 1975 is composed entirely of low-income families." *Sorenson*, 475 U.S. at 866, 106 S.Ct. at 1609 (Stevens, J., dissenting) (citing 121 Cong.Rec. 8861 (1975) (remarks of Sen. Long)). Thus, construing the exemption statute liberally in favor of the Debtor, it follows that an EIC is exempt.

Three bankruptcy court decisions interpreting a provision of the Illinois exemption statute with wording nearly identical to § 627.6(8)(a) have so found. *In re Brockhouse*, 220 B.R. 623 (Bankr.C.D.Ill. 1998); *In re Fish*, 224 B.R. 82 (Bankr. S.D.Ill.1998); *In re Ray*, 1999 WL 621524 (N.D.Ill. June 23, 1999) (NO. 98 B 38634). The *Ray* court found that:

> [t]he complementary purposes of the earned income credit and the exemption statute [are] important . . . : the purpose of the earned income credit is to help working poor families meet basic expenses, and the purpose of the exemption statute is to protect poor debtors and their families from being left completely destitute. The relationship of these goals, particularly when viewed in light of the effect of exemptions on the Bankruptcy Code's fresh start policy, led the court[s] to conclude that the debtor's earned income tax credit was exempt.

*In re Ray*, 1999 WL 621524, *3 (N.D.Ill. June 23, 1999) (NO. 98 B 38634) (internal citations omitted). The *Ray* court concluded that "[a]lthough the . . . statute does not expressly exempt earned income credits, and instead uses the . . . undefined term 'public assistance benefit,' common sense compels this court to find that earned income tax credits are exempt as 'public assistance benefits' under Illinois law." *Id.*

Similarly, the *Fish* court stated:

. . . the Court believes that it is prudent to consider the purpose of exemption statutes. The Seventh Circuit has held that 'personal property exemption statutes should be liberally construed in order to carry out the legislature's purpose in enacting them—to protect debtors.' *Matter of Barker*, 768 F.2d 191, 196 (7th Cir.1985). Thus, if an exemption statute can be construed in a manner that is both favorable and unfavorable to a debtor, the favorable construction should be chosen. *Id.* In light of the liberal construction of exemption statutes and the case law on this issue, the Court finds that earned income credits are exempt as a 'public assistance benefit' under [the Illinois exemption statute].

*Fish*, 224 B.R. at 85. *Compare In re Brown*, 186 B.R. 224 (Bankr.W.D.Ky.1995) (holding that under the facts of the case, the EIC was "public assistance" under Kentucky law); *In re Goldsberry*, 142 B.R. 158 (Bankr.E.D.Ky.1992) (same); *In re Jones*, 107 B.R. 751 (Bankr.D.Idaho 1989) (holding the EIC exempt as "benefits the individual is entitled to receive under federal, state, or local public assistance legislation . . . due to its nature as social welfare relief. . . ."); *In re Dennet*, 1995 WL 128474 (Bankr.D.Idaho March 27, 1995) (NO. 94–02524) (accord).

Courts holding an EIC not exempt have found clear statutory indications that the state legislatures did not intend to exempt that property. *See Matter of Collins*, 170 F.3d 512 (5th Cir.1999) *reh'g en banc den.*, 180 F.3d 267 (5th Cir.1999) (holding an EIC is not exempt under Louisiana law exempting "[a]ll assistance," because the statute defines "assistance" in the same title of the code as "money payments under this Title"); *In re Rutter*, 204 B.R. 57 (Bankr.D.Or.1997) (holding the Oregon exemption statute's reference to Oregon statutes that grant assistance from the Oregon Adult and Family Services Division means only assistance from that agency is ex-

empt); *In re McCourt,* 217 B.R. 998 (Bankr.S.D.Ohio 1997) (holding the exemption provision in question exempted only aid to dependent children that an Ohio agency administers); *In re Beagle,* 200 B.R. 595, 597 (Bankr.N.D.Ohio 1996) (holding an EIC is not exempt as "disability assistance payments" or "Aid to Dependent Children payments" under Ohio law); *In re Kurilich,* 199 B.R. 161 (Bankr. N.D.Ohio 1996) (accord); *In re Richardson,* 216 B.R. 206, 212 (Bankr.S.D.Ohio 1997) (accord).

## CONCLUSION

WHEREFORE, the Court finds that:

(1) Any "public assistance benefit" under Iowa Code § 627.6(8)(a) includes a Federal Earned Income Credit; and therefore

(2) The Debtors' objection must be sustained and the Trustee's objection to the Debtors' claim of exemption must be overruled.

A separate order shall be entered accordingly.