**In re: John Wayne BOYETT, Debtor.**

**No. 99–10420.**

United States Bankruptcy Court,
S.D. Georgia,
Statesboro Division.

July 7, 2000.

---

See also 250 B.R. 817.

J. Michael Hall, Attorney at Law, Statesboro, for Debtor.

## ORDER

JOHN D. DALIS, Chief Judge.

John Wayne Boyett ("Debtor"), a chapter 7 debtor, claims that a crop loss disaster relief payment of $9,012.00 made by the Farm Service Agency of the United States Department of Agriculture is exempt property under O.C.G.A. § 44–13–100. Anne R. Moore ("Trustee"), the chapter 7 case trustee, objects. The crop loss disaster relief payment does not qualify for exemption.

The facts are as follows. In response to widespread crop losses in 1998, Congress established the Crop Loss Disaster Assistance Program ("CLDAP"),[1] which appropriated funds for disaster relief payments to qualifying farmers. The CLDAP was administered by the Department of Agriculture through its Farm Service Agency.

On February 16, 1999, Debtor petitioned for bankruptcy relief under chapter 7. He subsequently applied for CLDAP benefits. Trustee notified the Farm Service Agency of Debtor's bankruptcy filing. On June 11, 1999, the Farm Service Agency issued a check in the amount of $9,012.00 for Debtor's 1998 crop losses in watermelons and squash, payable to Trustee.

Debtor brought a Complaint to Recover Property against Trustee, claiming that the crop loss disaster relief payment was not property of the estate. At the scheduling conference the parties agreed that whether the disaster relief payment was property of the estate was purely a question of law and not of fact. The matter was submitted on briefs. Debtor's brief included an alternative theory of recovery, that the disaster relief payment was exempt property. By Order dated May 31, 2000, I determined that the crop loss di-

---

1. The Agricultural, Rural Development, Food and Drug Administration, and Related Agencies Appropriations Act, 1999 (Pub.L. 105–277, 112 stat. 2681, Oct. 21, 1998) includes the CLDAP. Regulations for the CLDAP are set forth in 7 C.F.R. 1477.

saster relief payment was property of Debtor's bankruptcy estate and allowed 30 days for additional briefs on the issue of exemption.

The Court has jurisdiction to hear this matter as a core bankruptcy proceeding under 28 U.S.C. § 157(b)(2)(A) & (B) and 28 U.S.C. § 1334 (1994).

■■■ Exemptions from property of the estate are governed by 11 U.S.C. § 522(b) and O.C.G.A. § 44-13-100. 11 U.S.C. § 522(b) permits states to opt out of the federal exemptions and set their own.[2] Georgia has done so, and its bankruptcy exemptions are set out in O.C.G.A. § 44-13-100.[3] *Matter of Ambrose*, 179 B.R. 982, 984 n. 2 (Bkrtcy.S.D.Ga.1995) ("Georgia has opted out of the federal exemption scheme found in section 522(d) of the Bankruptcy Code, *see* O.C.G.A. § 44-13-100(b), and thus, a debtor who files bankruptcy while domiciled in Georgia is limited to the list of exemptions found in O.C.G.A. § 44-13-100(a).").

■■ Debtor writes, "Under O.C.G.A. § 44-13-100(a)(10)(A), the debtor is entitled to exempt any public assistance benefit." No such subsection of O.C.G.A. § 44-13-100 exists. For purposes of this Order, Debtor is assumed to reference O.C.G.A. § 44-13-100(a)(2)(A), which appears to be modeled on 11 U.S.C. § 522(d)(10)(A). Neither exempts *any* public assistance benefit; both exempt *local* public assistance benefits.

44-13-100 Exemptions for purposes of bankruptcy and intestate insolvent estates.

(a) In lieu of the exemption provided in Code Section 44-13-1, any debtor who is a natural person may exempt, pursuant to this article, for purposes of bankruptcy, the following property:

(2) The debtor's right to receive:

(A) A social security benefit, unemployment compensation, or a local public assistance benefit;

11 U.S.C § 522. Exemptions

(d) The following property may be exempted under subsection (b)(1) of this section:

(10) The debtor's right to receive—

(A) a social security benefit, unemployment compensation, or a local public assistance benefit;

11 U.S.C. § 522(d)(10)(A); O.C.G.A. § 44-13-100(a)(2)(A).

Given the actual wording of the exemption statute subsection that Debtor apparently cites, the issue is whether federal disaster relief payments may be exempted as local public assistance. They may not.

No cases were found discussing whether federal CLDAP payments are exempted from the bankruptcy estate. Debtor cites several cases in which bankruptcy courts held that federal tax refunds of earned income credit ("EIC") were exempt under state statutes exempting public assistance

2. 11 U.S.C. § 522. Exemptions [in pertinent part, with emphasis added]
   (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.... Such property is—
   (1) property that is specified under subsection (d) of this section, *unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize;* or, in the alternative,
   (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, *or State or local law that is applicable* on the date of the filing of the petition at the

place in which the debtor's domicile has been located ...

3. O.C.G.A. § 44-13-100 Exemptions for purposes of bankruptcy and intestate insolvent estates. [in pertinent part]

   (b) Pursuant to 11 U.S.C. Section 522(b)(1), an individual debtor whose domicile is in Georgia is prohibited from applying or utilizing 11 U.S.C. Section 522(d) in connection with exempting property from his or her estate; and such individual debtor may exempt from property of his or her estate only such property as may be exempted from the estate pursuant to 11 U.S.C. Section 522(b)(2)(A) and (B)....

benefits. *In re Fish,* 224 B.R. 82 (Bankr. S.D.Ill.1998), *In re Brown,* 186 B.R. 224 (Bankr.W.D.Ky.1995); *In re Goldsberry,* 142 B.R. 158 (Bankr.E.D.Ky.1992); *In re Jones,* 107 B.R. 751 (Bankr.D.Idaho 1989). These cases are all off point, because the statutes discussed did not limit exemption of public assistance to *"local"* public assistance.

Debtor also cites *In re Davis,* which did hold a federal EIC tax refund exempt under a state statute exempting "local public assistance benefits." 136 B.R. 203 (Bankr.S.D.Iowa 1991).

> While the Court recognizes that the term 'local' qualifies the type of benefits which are exempt, the trustee has made no argument that an earned income credit is not a 'local' public assistance benefit. Absent any such argument by the trustee, and in light of the liberal interpretation courts are to give Iowa exemption statutes, the Court finds the earned income credit in this case is exempt under § 627.6(8)(a).

*Id.* at 207. It is clear from the text above, as well as from a recent Iowa bankruptcy case, that *Davis* does not support holding federal benefits exempt as local public assistance.

> The same [*Davis*] judge later ruled that an EIC was not a "local public assistance benefit" when the issue regarding the modifier "a local" was raised by the trustee. *Matter of Peckham,* No. 97–01117–WH (Bankr.S.D.Iowa January 26, 1998). *See also Matter of Crouch,* No. 96–23085–D (Bankr.N.D.Iowa May 13, 1997) (holding that an EIC was neither a

social security benefit nor a local public assistance benefit).

The *Peckham* and *Crouch* opinions adopted the reasoning of *In re Goertz,* 202 B.R. 614 (Bankr.W.D.Mo.1996). In that case, the bankruptcy court interpreted language in the Missouri exemption statute that was identical to pre-amendment § 627.6(8)(a).

*In re Longstreet,* 246 B.R. 611, 615 (Bankr. S.D.Iowa 2000).[4]

*In re Goertz* (noted by *Longstreet* above) examined whether a federal EIC refund qualified as "local public assistance" under Missouri's exemption statute. 202 B.R. 614 (Bankr.W.D.Mo.1996).[5] Missouri's exemption statute is worded identically to Georgia's. Mo.Rev.Stat. § 513.430(10)(a); O.C.G.A. § 44–13–100(a)(2)(A). *Goertz's* reasoning that federal tax refunds were not local public assistance benefits therefore speaks directly to whether federal disaster relief payments may be exempted under Georgia's exemption statute.

■ Because "local public assistance benefit" was not defined in Missouri's statute or case law, the *Goertz* court turned to a basic rule of statutory construction: unless otherwise defined, words are accorded their ordinary meaning and not rendered meaningless surplusage. *McMillian v. Federal Deposit Insurance Corp.,* 81 F.3d 1041, 1054 (11th Cir.1996) (upholding "plain meaning" rule), *quoting Perrin v. United States,* 444 U.S. 37, 42–43, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979); O.C.G.A. § 1–3–1(b);[6] *Sabel v. State,* 248 Ga. 10, 282 S.E.2d 61, 64, ("plain meaning"

---

**4.** On May 17, 1999, Iowa amended its exemption statute, Iowa Code § 627.6(8)(a), changing "a local public assistance benefit" to "any public assistance benefit." *See Longstreet,* 246 B.R. at 613, n. 2. To construe the statutory change, the *Longstreet* court assumed that the legislature was aware of prior construction of the statute by bankruptcy courts sitting in Iowa, and reviewed cases interpreting the pre-amendment statute. *Id.* at 615 (citations omitted).

**5.** *Goertz* was not followed by three cases: *Longstreet,* 246 B.R. 611; *Fish,* 224 B.R. 82;

*In re Brockhouse,* 220 B.R. 623 (Bankr. C.D.Ill.1998). All three concerned interpretation of state exemption statutes which did not include the word "local," and all three specifically distinguished their holdings from *Goertz's* on that ground.

**6.** O.C.G.A. § 1–3–1. Construction of statutes generally.

(b) In all interpretations of statutes, the ordinary signification shall be applied to all words, except words of art or words connected with a particular trade or subject matter,

rule) *cert. denied,* 454 U.S. 973, 102 S.Ct. 524, 70 L.Ed.2d 393 (1981); *Richmond County Board of Tax Assessors v. Georgia Railroad Bank & Trust Company,* 242 Ga. 23, 25, 247 S.E.2d 761, 762 (1978) ("plain meaning" rule). The "plain meaning" rule of statutory construction applies here, because no Georgia case or statute specifically interprets the word "local."[7] Therefore, *Goertz's* comments on the plain meaning of the word "local" are relevant to interpretation of O.C.G.A. § 44–13–100(a)(2)(A).

The *Goertz* court cited Black's Law Dictionary (6th ed.1990), which defined "local government" as a "[c]ity, county, or other governing body at a level smaller than a state" and "local law" as "[o]ne which operates over a particular locality instead of over the whole territory of the state." Then it showed that no other definition made sense.

> If Debtor's definition were applied to include a federal benefit, the illogical result would be that "local" would take on a meaning approaching an antonym, i.e. something federal, general, comprehensive and greater in scope than local. If the legislature had intended a broader meaning, it could have simply omitted the word "local" altogether. Alternatively, the legislature could have defined the term in the statute or employed more explicit language, such as "federal, state or local public assistance benefit." ... To characterize the federal earned income credit as a "local public assistance benefit" would substantially depart from the express language of the statute and take this court into the realm of rewriting Missouri law, a task reserved for the Missouri General Assembly.

which shall have the signification attached to them by experts in such trade or with reference to such subject matter.

**7.** Interpreting the word "local" in a contract referring to "local taxes," I noted that it could be synonymous with either all "non-federal" or merely "municipal" taxes, depending on context. *Outdoor Displays Welding & Fabrication, Inc. v. U.S. Enterprises, Inc. (In re*

Another court determining whether federal monies were exempt under a state statute identically worded to Georgia's made substantially the same points. *In re Garrett,* 225 B.R. 301, 303 (Bankr. W.D.N.Y.1998).

> The debtor urges the application of New York Debtor and Creditor Law § 282, which grants an exemption to the debtor's interest in "a social security benefit, unemployment compensation or a local public assistance benefit." N.Y. Debt. & Cred.Law § 282 sub. 2(a) (McKinney Supp.1998). Although they may serve a similar purpose, the tax credits at issue are simply not included within this list of designated benefits. More specifically, Ms. Garrett's tax refunds do not derive as a benefit under the Social Security Act; they do not arise by reason of any unemployment; they are payable from federal and state tax agencies, not from any local governmental unit.
>
> . . .
>
> The debtor argues that the earned income and child and dependent care credits were designed as benefits for poverty relief, and should therefore be exempt. Exemptions, however, are purely creatures of statute. No matter how strong may be the equitable considerations that support the creation of an exemption, this Court has no authority to enlarge the legislature's designation.

*Id.; see also Lemos v. Rakozy (In re Lemos),* 243 B.R. 96, 100 (Bankr.D.Idaho 1999)(equitable considerations calling for CLDAP payment to be property of the estate).[8]

■ Georgia allows debtors in bankruptcy to exempt "local public assistance

*Outdoor Displays Welding & Fabrication, Inc.),* 84 B.R. 260, 263 (Bankr.S.D.Ga.1988). Neither proposed meaning would include "federal."

**8.** "Additionally, it would be inequitable in these circumstances to allow Plaintiff to reclaim the funds. Plaintiff received a discharge in his bankruptcy case. Plaintiff ad-

benefits." The word "local" is given its plain meaning because no other definition is supplied. Bankruptcy courts determining the plain meaning of "local" in state statutes identical to Georgia's have held that "federal" is not included in "local." Federal monies are not exempted from property of the estate as local public assistance benefits. To hold otherwise would rewrite the Georgia Code. The federal CLDAP payment for Debtor's 1998 crop loss is not exempt property under O.C.G.A. § 44–13–100(a)(2)(A).

It is, therefore, ORDERED that the CLDAP payment for 1998 crop losses suffered by John Wayne Boyett is not exempt and remains property of the bankruptcy estate.

---

mitted at trial that some discharged debts were prebankruptcy farm expenses. Allowing the Plaintiff to recover the CLDAP payments designed to compensate Plaintiff for his losses, while discharging debts he incurred while growing the qualifying crops, would give Plaintiff an unjustified windfall to the detriment of the same creditors who helped Plaintiff qualify for the benefits." *Lemos*, 243 B.R. at 100.