**In re Pamela J. DEMARS, Debtor.**

**No. 98–44141.**

United States Bankruptcy Court,
W.D. Missouri.

June 19, 2002.

Ronald G. Byers, Independence, MO, for debtor.

Gary D. Barnes, Husch & Eppenberger, Kansas City, MO, for Chapter 7 Trustee.

*MEMORANDUM OPINION*

ARTHUR B. FEDERMAN, Chief Judge.

Chapter 7 trustee Gary Barnes objected to debtor Pamela J. Demars' claims of

---

**17.** *Id.*

**18.** Debtor's Ex. # 1.

exemption. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## ISSUE PRESENTED

The State of Missouri exempts from execution payments that have been designated as local public assistance. Debtor received a 2001 federal income tax refund as a result of the earned income tax credit. While the 2001 federal income tax refund is an asset of her bankruptcy estate, she claimed the refund as exempt on the grounds that the earned income tax credit is a form of local public assistance. Is the earned income tax credit a form of local public assistance in Missouri?

## DECISION

The earned income tax credit is a program to assist low income wage earners, especially those with small children, by allowing them to claim a percentage of their income as a credit against tax they would otherwise owe for a taxable year. It is a federal program and the Internal Revenue Code classifies the refund as a tax overpayment. As such it is property of the bankruptcy estate. Section 513.430.1(10)(a) of Missouri's Revised Statutes permits debtors to exempt payments classified as a form of local public assistance. A federal tax refund is not a form of local public assistance as defined by the State of Missouri. The refund is, therefore, not exempt pursuant to section 513.430.1(10)(a).

## FACTUAL BACKGROUND

On September 30, 1998, Ms. Demars and her husband filed a joint Chapter 13 bankruptcy petition. Thereafter, her husband asked to have the Chapter 13 petition dismissed as to him, and the court granted that request. On February 5, 2002, Ms. Demars' case was converted to Chapter 7. In her amended Schedule B Ms. Demars scheduled as property of her estate her 2001 state and federal income tax refund in the total amount of $3,792.00. On her amended Schedule C Ms. Demars claimed those refunds as exempt pursuant to section 513.440 and section 513.430(3) and 513.430.1(10)(a) of Missouri's Revised Statutes. The trustee objected to the claim of exemption pursuant to section 513.430.1(10)(a). He does not object to Ms. Demars' claim of exemption as head of household, pursuant to section 513.440, in the amount of $1,350.00, or to her claim of exemption as to $72.00 remaining of her $400.00 wild card exemption, pursuant to section 513.430(3). Thus, the issue before this Court is whether section 513.430.1(10)(a) allows Ms. Demars to claim as exempt the remaining balance of her 2001 income tax refund, in the amount of $2,370.00. Ms. Demars argues that a portion of her income tax refund is attributable to the earned income tax credit (the EIC), therefore, it is exempt as a form of local public assistance.

## DISCUSSION

A discussion of exempt property properly begins with an analysis of what constitutes property of the estate. Section 541 of the Bankruptcy Code provides that the filing of a bankruptcy petition creates an estate that contains all property in which the debtor holds any legal or equitable interest:

(a) The commencement of a case under section 301, 302, or 303 of this title

creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsection (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.[1]

The Eighth Circuit has specifically held that a debtor's interest in a tax refund is property of the debtor's bankruptcy estate and is not exempt as "earnings" under Missouri's garnishment statute.[2] In *In re Goertz* this Court relied on the plain language of section 541 to hold that a tax refund, in the form of an EIC, is property of the estate.[3] Other Courts that have addressed this issue have reached a similar conclusion. In *Johnston v. Hazlett (In re Johnston)*,[4] the Sixth Circuit stated that the overwhelming majority of courts that have addressed the issue have found that an EIC is property of the estate.[5] The

United States Supreme Court shed light on this area of the law when it stated, "[t]he refundability of the earned-income credit is ... inseparable from its classification as an overpayment of tax." [6] In *Sorenson*, the Supreme Court found that since an EIC is a tax refund, it could be intercepted by the state for the payment of past due child support.[7] The Court's analysis is relevant, because, as stated, in the Eighth Circuit, tax refunds are an asset of the bankruptcy estate. Thus, I find that an EIC is included in the bankruptcy estate. The issue then becomes whether a debtor can claim an exemption in the EIC. A brief description of the EIC is relevant here.

■ The EIC permits qualifying taxpayers to claim a percentage of their income as a credit against tax they would otherwise owe for a taxable year.[8] Congress made this program available to low

---

1. 11 U.S.C. § 541(a)(1).

2. *Davis v. Robinson (In re Robinson)*, 152 B.R. 956, 958 (Bankr.E.D.Mo.1993) (citing *In re Wallerstedt*, 930 F.2d 630 (8th Cir.1991)). *See also Kokoszka v. Belford*, 417 U.S. 642, 648, 94 S.Ct. 2431, 2435, 41 L.Ed.2d 374 (1974) (where the Court held that an income tax refund is sufficiently rooted in the prepetition past to be defined as property under the bankruptcy act).

3. 202 B.R. 614, 616 (Bankr.W.D.Mo.1996). *See also Williamson v. Montgomery (In re Montgomery)*, 219 B.R. 913, 917 (10th Cir. BAP 1998), *affirmed*, 224 F.3d 1193 (10th Cir.2000) (holding that EIC's are classified as a tax overpayment and are, therefore, property of the estate); *Johnston v. Hazlett (In re Johnston)*, 209 F.3d 611, 613 (6th Cir.1999) (holding that an EIC available to a debtor at the end of the tax year in which she filed her Chapter 7 bankruptcy petition is included in property of the estate, even though she filed her petition prior to the end of the year).

4. 209 F.3d 611 (6th Cir.1999) (citing *Baer v. Montgomery (In re Montgomery)*, 219 B.R. 913

(10th Cir. BAP 1998); *In re Fraire*, Case No. 96–1241, 1997 WL 45465 (D.Kan. Jan.2, 1997); *In re McCourt*, 217 B.R. 998 (Bankr. S.D.Ohio 1997); *In re Barnett*, 214 B.R. 632 (Bankr.W.D.Okla.1997); *In re Beagle*, 200 B.R. 595 (Bankr.N.D.Ohio 1996); *In re Kurilich*, 199 B.R. 161 (Bankr.N.D.Ohio 1996); *In re Goertz*, 202 B.R. 614 (Bankr.W.D.Mo. 1996); *In re George*, 199 B.R. 60 (Bankr. N.D.Okla.1996); *In re Brown*, 186 B.R. 224 (Bankr.W.D.Ky.1995); *In re Goldsberry*, 142 B.R. 158 (Bankr.E.D.Ky.1992); *In re Buchanan*, 139 B.R. 721 (Bankr.D.Idaho 1992); *In re Davis*, 136 B.R. 203 (Bankr.S.D.Iowa 1991); *In re Richardson*, 216 B.R. 206 (Bankr. S.D.Ohio)).

5. *Id.* at 612.

6. *Sorenson v. Secretary of the Treasury of the United States*, 475 U.S. 851, 859, 106 S.Ct. 1600, 1606, 89 L.Ed.2d 855 (1986).

7. *Id.*

8. *Williamson v. Montgomery (In re Montgomery)*, 224 F.3d at 1194.

income earners for the following three reasons: (1) to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income; (2) to stimulate the economy by placing funds in the hands of consumers who would spend them immediately; and (3) to provide relief for families impacted by rising food and energy prices.[9] If the EIC is greater than the taxes owed by the wage earner, the excess is considered an overpayment of taxes, and the taxpayer is entitled to a refund as if she overpaid her taxes in that amount.[10] In other words, a predicate to receiving an EIC is to have earned income. This Court previously found that the EIC is not a form of local public assistance.[11] In *In re Goertz*, the court analyzed the language in section 513.430.1(10)(a) of Missouri's Revised Statutes. Section 513.430.1(10)(a) permits a debtor to exempt a payment received in the form of a "local public assistance benefit:"

> 1. The following property shall be exempt from attachment and execution to the extent of any person's interest therein:
>
> .    .    .    .    .
>
> (10) Such person's right to receive:

(a) A Social Security benefit, unemployment compensation or a local public assistance benefit.[12]

The Court stated that a local public benefit was more limited in scope than the EIC, therefore, the EIC was not exempt under either bankruptcy law or Missouri law.[13] The Court went on to state that an EIC is not a creation of local or state government. It is, instead, a credit created by the federal government, not a local public assistance benefit.[14]

Debtor cites several cases that hold either that the EIC is not a tax refund,[15] or that the EIC is exempt under specific state statutes that exempt public assistance.[16] *In re Hurles*, which stated that the EIC was not a tax refund, was decided before the United States Supreme Court's decision in *Sorenson*, and is, therefore, not applicable. In *In re Jones*, the court found the EIC exempt based upon an Idaho exemption statute that allows debtors to exempt benefits received under "federal, state, or local public assistance legislation."[17] The trustee points out that the EIC could be classified as a federal public assistance program given the purpose behind its enactment, but there is no such provision for exemption of that benefit in Missouri. Finally, debtor relies on *In re*

---

9. *Id.*

10. *Id.*

11. *In re Goertz*, 202 B.R. 614, 617 (Bankr. W.D.Mo.1996).

12. Mo. Stat. Ann. § 513.430.1(10)(a) (Supp. 2002).

13. 202 B.R. at 617–18.

14. *Id.* at 618.

15. *In re Hurles*, 31 B.R. 179, 180 (Bankr. S.D.Ohio 1983) (where the court held that the EIC is not an income tax refund because it does not represent a return of funds withheld from the debtor's wages).

16. *See, e.g. In re Jones*, 107 B.R. 751 (Bankr.D.Idaho 1989); *In re Davis*, 136 B.R. 203 (Bankr.S.D.Iowa 1991).

17. *Jones*, 107 B.R. at 751, n. 1 (quoting Idaho Code § 11–603(4) (Michie 2001)), which provides:

> 11–603 Property exempt without limitation.
>
> An individual is entitled to exemption of the following property:
>
> .    .    .    .    .
>
> (4) benefits the individual is entitled to receive under federal, state, or local public assistance legislation.

*Davis.*[18] In *Davis* the bankruptcy court did allow debtor to exempt her EIC, and the Iowa exemption statute at issue limited the exemption to "local public assistance." The court held, however, that the trustee failed to object to the exemption on the basis that it was not a "local public assistance."[19] In addition, in two later opinions the Iowa court has sustained the trustee's objection to an exemption of an EIC when the trustee argued that the EIC was not a "local public assistance."[20] More telling, in *In re Longstreet,*[21] the bankruptcy court recognized Iowa residents' right to exempt from execution their EIC's on the grounds that they were a "public assistance benefit."[22] In reaching this decision, the court addressed the fact that the Iowa Legislature had amended the exemption statute after the bankruptcy court's holdings in *In re Peckham* and *In re Crouch.*[23] The Iowa statute prior to the amendment was identical to Missouri Revised Statute § 513.430.1(10)(a), in that it limited the exemption to a local public assistance benefit.[24] In 1999 the Iowa Legislature amended section 627.6(8)(a) by substituting the modifier "local" with the more general adjective "any,"[25] such that the Iowa statute now exempts "any public assistance benefit." Based upon that amendment, the court in *Longstreet* allowed the debtors to exempt their EIC. The Missouri Legislature, however, has not amended section 513.430.1(10)(a). I am bound by the language in that statute, which limits the exemption to a local public

assistance benefit. The federal program known as EIC is not a local public assistance benefit. I will, therefore, sustain the Chapter 7 trustee's objection to Ms. Demars' claim of exemption in the amount of $2,370.00.

An Order in accordance with this Memorandum Opinion will be entered this date.

18. 136 B.R. 203 (Bankr.S.D.Iowa 1991).

19. *Id* at 207.

20. In *re Peckham,* Case No 97–01117 (Bankr. S.D.Iowa January 26, 1998); *In re Crouch,* Case No. 96–23085 (Bankr.N.D.Iowa May 13, 1997), as cited in *In re Longstreet,* 246 B.R. 611, 615 (Bankr.S.D.Iowa 2000).

21. 246 B.R. 611 (Bankr.S.D.Iowa 2000).

22. *Id.* at 617.

23. *Id.* at 615.

24. *See* Iowa Code § 627.6(8)(a) (Supp.1998).

25. *Longstreet,* 246 B.R. at 615 (citing comments to Iowa Code § 627.6(8)(a) (Supp. 1999)).