**In re Robin D. ESPEY, Debtor.**

No. 05–39660.

United States Bankruptcy Court, D. Minnesota.

Aug. 8, 2006.

Jeffrey Michael Bruzek, Prescott & Pearson, New Brighton, MN, for Debtor.

358

## ORDER SUSTAINING OBJECTION TO EXEMPTIONS

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter came before the Court on the trustee's objection to exemptions claimed by the debtor. Christine A. Longe appeared on behalf of the Chapter 7 Trustee, Nauni Jo Manty. Jeffrey M. Bruzek appeared on behalf of the debtor, Robin D. Espey. At the conclusion of the hearing, the Court took the matter under advisement. Based upon all of the files, records and proceedings herein, the Court now makes this Order pursuant to the Federal and Local Rules of Bankruptcy Procedure.

## I. BACKGROUND

The debtor, Robin Espey, filed her voluntary bankruptcy petition under Chapter 7 on October 14, 2005. She elected the federal exemptions, and claimed portions of her federal and state tax refunds exempt under § 522(d)(10)(A) as "local public assistance benefits," because the refunds are based on the IRS Earned Income Credit (EIC) and the Minnesota Department of Revenue Working Family Credit (WFC) public assistance programs. The trustee objected arguing that the refunds do not arise from "local" public assistance programs as required by § 522(d)(10)(A).

## II. DISCUSSION

■ "Exemption statutes must be construed liberally in favor of the debtor and in light of the purposes of the exemption." See In re Tomczyk, 295 B.R. 894, 896 (Bankr.D.Minn.2003), citing Andersen v. Ries (In re Andersen), 259 B.R. 687, 690

(8th Cir. BAP 2001) (citing Wallerstedt v. Sosne (In re Wallerstedt), 930 F.2d 630, 631 (8th Cir.1991)).

The payments at issue are derived from federal and state public welfare programs. The parties do not dispute that the EIC is a federal program and that the WFC (eligibility for which is based on eligibility for the EIC) is a Minnesota state program, and that the payments under the EIC and WFC constitute "relief based on financial need." Tomczyk, 295 B.R. at 897. In the bankruptcy context, "both types of credits are contingent interests on the petition date." See Law v. Stover (In re Law), 336 B.R. 780, 783 (8th Cir. BAP 2006). The credits therefore become property of the bankruptcy estate upon filing and remain so until and unless properly claimed exempt. Id. The narrow issue before the Court is simply whether the EIC and WFC contingent interests are public assistance benefits of a "local" nature, as expressly required by § 522(d)(10)(A).

Section 522(d)(10)(a) provides:

(d) The following property may be exempted under subsection (b)(2) of this section:

(10) The debtor's right to receive—

(A) a social security benefit, unemployment compensation, or a local public assistance benefit.

See 11 U.S.C. § 522(d)(10)(A).

The Code does not define "local," and no court has done so with respect to the federal exemption for local public assistance benefits. The definition of local has been amply analyzed, however, within the context of state exemption statutes for public assistance benefits.[1]

---

1. The debtor argues that the rulings arising out of interpretation of state exemption statutes are not comparable sources of analysis for determining the nature of "local" as used

in the federal exemption provision under § 522(d)(10)(A). This Court disagrees because the language of the state provisions examined is essentially identical to the lan-

One court allowed the EIC exemption under a state statute providing the exemption for "local public assistance benefits," but did so because the trustee failed to object on the basis of whether or not the EIC was a "local" public assistance benefit. *See In re Davis,* 136 B.R. 203, 207 (Bankr.S.D.Iowa 1991). The same court apparently later held, on a trustee's objection based particularly on the "local" issue, that the EIC is not a "local public assistance benefit" under Iowa law. *See In re Boyett,* 250 B.R. 822, 824–825 (Bankr. S.D.Ga.2000), citing *Matter of Peckham,* No. 97–01117–WH (Bankr.S.D.Iowa 1998) (unpublished); *Matter of Crouch,* No. 96–23085–D (Bankr.N.D.Iowa 1997) (holding that an EIC was neither a social security benefit nor a local public assistance benefit).

In determining that "federal disaster relief payments may [not] be exempted as local public assistance," the *Boyett* court noted that "several cases in which bankruptcy courts held that [EIC] federal tax refunds ... were exempt under state statutes exempting public assistance benefits," were "all off point, because the statutes discussed did not limit exemption of public assistance to 'local' public assistance." *Boyett,* 250 B.R. at 824–825, citing *In re Fish,* 224 B.R. 82 (Bankr.S.D.Ill.1998), *In re Brown,* 186 B.R. 224 (Bankr.W.D.Ky. 1995); *In re Goldsberry,* 142 B.R. 158 (Bankr.E.D.Ky.1992); *In re Jones,* 107 B.R. 751 (Bankr.D.Idaho 1989).

The leading case analyzing a state court exemption statute that does limit the public assistance benefits to only "local" public assistance benefits is *In re Goertz,* 202 B.R. 614 (Bankr.W.D.Mo.1996). The *Goertz* court noted that " '[l]ocal public assistance benefit' is not defined in Mis-

souri's exemption statute or case law," and held that "[a]bsent a statutory definition, the statute should be examined 'according to the conventional rules of statutory construction: absent statutory definitions, we accord words and phrases their ordinary and natural meaning and avoid rendering them meaningless, redundant, or superfluous.' " *Goertz,* 202 B.R. at 617, citing *In the Matter of Merchants Grain, Inc.,* 93 F.3d 1347, 1353 (7th Cir.1996). "A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary common meaning." *Goertz,* 202 B.R. at 617, citing *McMillian v. Federal Deposit Insurance Corp.,* 81 F.3d 1041, 1054 (11th Cir.1996), quoting *Perrin v. United States,* 444 U.S. 37, 42–43, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979).

The *Goertz* court explained:

Whether in common parlance or in legal terms, and certainly in the context in this state statute, "local" denotes a space or application more limited in scope than "federal." Webster's Third New International Dictionary (1981) defines "local" as: [C]haracterized by, relating to, or occupying a particular place; characteristic of or confined to a particular place; not general or widespread 3. relating to what is local; not broad or general 4. current only in a particular section of a country—used of words or expressions ... 5a. primarily serving the needs of a particular limited district, often a community or minor political subdivision b. applicable in or relating to such a district only ... (local taxes). [Parenthetical examples and dictionary symbols omitted.]

guage of the federal statute, addresses the same substantive topic, and constitutes persuasive and basic legal reasoning relied upon

by other federal courts under related or parallel situations.

Black's Law Dictionary (6th ed.1990) defines "local government" as a "[c]ity, county, or other governing body at a level smaller than a state" and "local law" as "[o]ne which operates over a particular locality instead of over the whole territory of the state . . . ." These definitions indicate the term "local" in the Missouri statute references something other than a public assistance benefit or tax credit granted by federal statute. There is nothing to indicate "local" was intended to have some specialized definition within the context of this particular statute, so one must assume the legislature intended that the general, commonly understood meaning of the word be applied.

If Debtor's definition were applied to include a federal benefit, the illogical result would be that "local" would take on a meaning approaching an antonym, i.e. something federal, general, comprehensive and greater in scope than local. If the legislature had intended a broader meaning, it could have simply omitted the word "local" altogether. Alternatively, the legislature could have defined the term in the statute or employed more explicit language, such as "federal, state or local public assistance benefit."

*Goertz,* 202 B.R. at 617–618.

Indeed, some state lawmakers seem to have taken the *Goertz* decision to heart. For example, "[o]n May 17, 1999, Iowa amended its exemption statute, Iowa Code § 627.6(8)(a), changing 'a local public assistance benefit' to 'any public assistance benefit.'" See *In re Longstreet,* 246 B.R. 611, 613 n. 2 (Bankr.S.D.Iowa 2000). "By removing the disqualifying modifier 'local' and replacing it with the general adjective 'any,' the Iowa legislature seemingly acted upon *Goertz'* drafting suggestion to address the *Davis'* observation and to overcome the explicit rulings in *Crouch* and

*Peckham." Id.* at 615. Noting the Iowa amendment, a different court recognized that Missouri had not made any such amendments, and continued to adhere to the "local" limitation: "[B]ound by the language in that statute, which limits the exemption to a local public assistance benefit . . . [t]he federal program known as EIC is not a local public assistance benefit." See *In re Demars,* 279 B.R. 548, 552 (Bankr.W.D.Mo.2002).

Another court recently explained: "The legislative history of the federal bankruptcy provisions indicates that all of the benefits exempted under 11 U.S.C. § 522(d)(10) are grouped together as they are 'akin to future earnings of the debtor.'" See *Wilson v. Sergeant (In re Wilson),* 305 B.R. 4, 15 (N.D.Iowa 2004), citing Bankruptcy Reform Act of 1978, H.R. REP. NO. 95–595 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6318. "However, it is noteworthy that while the Iowa exemption statute, unlike the federal bankruptcy provision, was amended in 1999 to exempt not just a 'local' public assistance benefit, but 'any' public assistance benefit—the federal statute has not been since amended to include this broadening modifier." *Wilson,* 305 B.R. at 15. "The Iowa legislature, by providing an exemption for 'any' public assistance benefit, broadened the reach of the statute . . . indicat[ing] an intent to exempt payments under all types of programs having the same underlying purpose, regardless of the vehicle chosen to implement the program." *Id.* at 19. The *Wilson* court held that direct commodity program payments received by the debtors under the Farm Security and Rural Investment Act qualified as a public assistance benefit exemptible under the Iowa statute. *Id.* at 21. While not an application of § 522(d)(10)(A), the case specifically illustrates and supports the significance of the limiting "local" language of the federal

statute compared to the broadening modifier "any" in the Iowa statute.

██ This Court is firmly persuaded by the abundant and detailed exposition of this subject so far that the EIC does not constitute a "local" public assistance benefit for purposes of § 522(d)(10)(A). Likewise, that the WFC does not constitute a "local" public assistance benefit for purposes of § 522(d)(10)(A) is compelling under the same analysis. "Use of the term 'local' qualifies the type of benefits that are exemptible." *Goertz*, 202 B.R. at 618. "The qualifying language is significant." *Id.* "An earned income credit is not a creation *of local or even state government." Id.* (emphasis added). The *Goertz* court expressly distinguished "local" and "state" from one another, and other courts have aptly done the same, under a variety of statutory circumstances. See, e.g., *Walton v. Hammons*, 192 F.3d 590, 596 (6th Cir.1999) (noting that 7 U.S.C. § 2015(i)(1) "calls upon the failure of individuals to comport with *'Federal, State, or local law*relating to a means-tested public assistance program.") (emphasis added); *Perales v. Reno*, 48 F.3d 1305, 1309 (2nd Cir.1995) (" 'Public cash assistance' means income or needs-based monetary assistance, to include but not limited to supplemental security income, received ... through *federal, state, or local* programs designed to meet subsistence levels.") (emphasis added).

Moreover, plain language interpretation mandates the conclusion that "local" is not the same as "state." A legal dictionary definition of "local law" provides: "A statute that relates to or operates in a particular locality rather than the entire state." Black's Law Dictionary (8th ed.2004).

If Congress had intended § 522(d)(10)(A) to include within the scope of the exemption those public assistance benefits arising under federal and/or state law, it could have enumerated so with particularity, merely by adding the words "federal, state, or" preceding "local," or simply by replacing the word "local" with the word "any." But, that is not the language of the statute. Section 522(d)(10)(A) unequivocally provides for the exemption plainly and with precise limitation: "a local public assistance benefit." The WFC public assistance benefit arises under state law. Accordingly, the WFC is not exempt pursuant to § 522(d)(10)(A).[2]

## III.  DISPOSITION
**IT IS HEREBY ORDERED:**

1. The debtor's state and federal tax refunds under the IRS Earned Income Credit and MDR Working Family Credit programs do not constitute local public assistance benefits for purposes of 11 U.S.C. § 522(d)(10)(a); and

2. The trustee's objection to the debtor's claimed exemption, pursuant to 11 U.S.C. § 522(d)(10)(a), of state and federal tax refunds under the IRS Earned Income Credit and MDR Working Family Credit programs is SUSTAINED and the claimed exemption as described is DISALLOWED.

---

**2.** The debtor argued that the simple definitions of "local" and "public" work together to broadly limit the § 522(d)(10)(a) exemption to aid arising under any program within the nation. That "local" in effect means "domestic" is specious at best. There is no support for this implausible suggestion, and it is directly controverted by the prevailing body of law on the subject. Finding this assertion to be without merit, the Court need not address it further.