**In the Matter of Angela M. DAVIS, Debtor.**

**Bankruptcy No. 91–00768–C H.**

United States Bankruptcy Court, S.D. Iowa.

Oct. 3, 1991.

---

Robert C. Oberbillig, Des Moines, Iowa, for debtor.

Robert D. Taha, Coppola, Trout & Taha, Des Moines, Iowa, trustee.

### ORDER—EARNED INCOME TAX CREDIT AS ESTATE AND EXEMPT PROPERTY

RUSSELL J. HILL, Bankruptcy Judge.

Trustee's Objection to Debtor's Claim of Exempt Property came on for hearing on June 6, 1991. The trustee, Robert D. Taha, appeared pro se and the debtor appeared by her attorney, Robert C. Oberbillig. At the conclusion of the hearing the Court took the matter under advisement under a briefing schedule. Briefs were timely submitted and the Court considers the matter fully submitted.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). The Court, upon review of the pleadings, evidence, and arguments and briefs of counsel, now enters its findings and conclusions pursuant to Fed. R.Bankr.P. 7052.

## FINDINGS OF FACT

1. The debtor filed her voluntary Chapter 7 petition on March 15, 1991.

2. On her statement of financial affairs the debtor listed she was or may be entitled to a 1990 federal income tax refund of $1,832 and a state tax refund of $200.

3. On schedule B–2 (personal property) the debtor listed as an "other liquidated debt owing debtor" $2,032 in wages, income tax refunds and an earned income tax credit.

4. On schedule B–4 (property scheduled as exempt) the debtor cited Iowa Code § 627.6(c) and § 642.21 and claimed $1,079 in exempt wages and tax refunds. The debtor cited Iowa Code § 627.6 and listed the $953 earned income tax credit as exempt public welfare.

5. The trustee filed an objection to the debtor's claim of exempt property on March 20, 1991. The objection asserts the debtor is only entitled to claim a combination not exceeding $1,000 in tax refunds, wages, and earned income credit owing at the time of the bankruptcy filing.

6. The debtor filed an objection to the trustee's objection on April 3, 1991. The debtor claims the earned income credit is exempt as a welfare benefit and it is not an asset of the bankruptcy estate. The objection also asserts that retention of the earned income tax credit would defeat the debtor's "fresh start."

## CONCLUSIONS OF LAW

A) *Property of the Estate*

■ 11 U.S.C. § 541(a)(1) provides that "property of the estate" includes all legal or equitable interests of the debtor in property, wherever located and by whomever held, as of the commencement of the case. Section 541(a)(1) is a broad provision that encompasses all apparent interests of the debtor. *In re Peterson*, 897 F.2d 935, 936 (8th Cir.1990). Neither possession nor constructive possession by the debtor is required. *In re Hawkeye Chem. Co.*, 71 B.R. 315, 319 (Bankr.S.D.Iowa 1987). Unlike the Bankruptcy Act, the Code requires that even exempt property is initially included in the bankruptcy estate. *See Samore v. Graham (In re Graham)*, 726 F.2d 1268, 1271 (8th Cir.1984); *In re Carver*, 116 B.R. 985, 989 (Bankr.S.D.Iowa 1990).

Legislative history reveals the scope of § 541 was intended to be broad. H.R.Rep. No. 595, 95th Cong., 2d Sess. 367 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6323. In enacting § 541 Congress affirmed the decision of *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966), in which the U.S. Supreme Court had held a right to a refund was property of the estate. *Id.* Section 541(a)(1) had the effect of overruling *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903), because it includes as property of the estate all property of the debtor, even that needed for a fresh start. H.R.Rep. No. 595, *supra*, at 368, *reprinted in* 1978 U.S.C.C.A.N. at 6324.

■ In order to determine whether a debtor has a legal or equitable interest in an earned income tax credit (thus making it property of the estate), this Court will need to examine the nature of and purpose served by the credit. An earned income credit is a refundable tax credit provided for low income workers who have dependent children and maintain a household. The credit is based on earned income which includes wages, salaries, and other employee compensation, plus earnings from self-employment. *See* 26 U.S.C. § 32 (1988). The earned income credit is a refundable credit that is treated as a payment of tax. The credit is refunded as if it were part of a tax overpayment. 26 U.S.C. § 6401(b) (1988). Thus, a taxpayer who does not have any amount withheld from wages and is not otherwise required to file a return under the gross income filing requirements should file an income tax return because the amount of the credit will be refunded as a tax overpayment. *See generally Earned Income Credit CCH Explanation*, 1992 Stand.Fed.Tax Rep. (CCH), Volume 1, ¶ 4082.

An eligible individual may elect to receive *advance* payment of the earned income credit from his or her employer. 26

U.S.C. § 32(g) (1988). The earned income credit is *not* taken into account as income or as a resource for determining the eligibility of an individual or the amount of benefit for individuals in certain government programs (i.e., AFDC, Medicaid, SSI, low income housing programs, food stamps, etc.).

"The earned-income credit was enacted to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income ..., to stimulate the economy by funneling funds to persons likely to spend the money immediately, and to provide relief for low-income families hurt by rising food and energy prices." *Sorenson v. Secretary of the Treasury*, 475 U.S. 851, 864, 106 S.Ct. 1600, 1609, 89 L.Ed.2d 855 (1986). Since the earned income credit increases an eligible individual's after-tax earnings, it provides an added bonus or incentive for low-income people to work, and therefore, was intended to be of importance in inducing individuals with families receiving federal assistance to support themselves. S.Rep. No. 36, 94th Cong., 1st Sess. 11 (1975), *reprinted in* 1975 U.S.C.C.A.N. 54, 64.

Several courts have considered whether earned income credits constitute property of the bankruptcy estate. The leading case cited for the proposition that earned income credits are not property of the bankruptcy estate is *Hoffman v. Searles (In re Searles)*, 445 F.Supp. 749 (D.Conn.1978). This was a case decided under the Bankruptcy Act. What constituted "property" in the estate of a bankrupt under § 70a(5) of the Bankruptcy Act, 11 U.S.C. § 110(a)(5), was dependent on whether property was necessary for the debtor's ability to make a fresh start. *See Segal*, 382 U.S. at 380, 86 S.Ct. at 515. The *Searles* court distinguished an earned income credit from a tax refund. The earned income credit is a "payment made to low-income taxpayers to help them meet basic costs of life. When made to a bankrupt, this payment has no meaningful roots in the pre-bankruptcy past, but serves to provide a 'fresh start' after bankruptcy. Therefore the ... earned income credit paid to [the debtor] is not 'property' within

the meaning of § 70a(5) of the Bankruptcy Act." *Searles*, 445 F.Supp. at 755.

In an unpublished opinion Judge Thinnes similarly concluded an earned income credit was not "property" under § 70a(5) of the Act. *In re Spooner*, 9 Collier Bankr.Cas. 418 (Bankr.N.D.Iowa 1976). In reaching his conclusion Judge Thinnes relied on the fact that: 1) the source of the earned income credit was not past earnings or any other pre-bankruptcy asset owned by the bankrupt; 2) there was no relationship between the earned income credit and the bankrupt's ability or inability to pay creditors in the pre-bankruptcy period; and 3) the purpose of the credit was to provide relief for low-income families which was likely to be essential to the fresh start of the bankrupt. *Id.* at 423.

The precedential value of these decisions is questionable in light of the fact that under the Bankruptcy Code, the bankruptcy estate now includes *all* property of the debtor, even that needed for a fresh start. However, at least one bankruptcy court since adoption of the Code has applied the *Searles* reasoning and has held an earned income credit is not property of the estate. *In re Hurles*, 31 B.R. 179, 180 (Bankr. S.D.Ohio 1983).

> [W]hile the earned income tax credit is given effect through the income tax return and contemplates a payment of funds belonging to the United States government, it is not an income tax refund because it does not represent a return of funds withheld from the debtor's wages. Therefore, pursuant to 11 U.S.C. § 541 it is not property of the estate over which the trustee may make a claim.

*Id.* Two additional courts cite *Searles* and while they appear to concur with its property of the estate analysis, their holdings are limited to the conclusion that an earned income credit is exempt property. *In re Jones*, 107 B.R. 751, 752 (Bankr.D.Idaho 1989); *In re Murphy*, 99 B.R. 370, 371 (Bankr.S.D.Ohio 1988).

Judge Schermer, in an unpublished decision, has concluded an earned income credit is property of the estate under the Code.

*In re Locke,* Case No. 10102–BBS, Adv. No. 87–1015–BSS, (Bankr.E.D.Mo. July 8, 1987). Judge Schermer noted the earned income credit is a tax credit designed to provide an added bonus or incentive for low-income people to work and it was intended to provide relief to families who currently pay little or no income tax. He cited *Searles,* and noted that the reasoning in that decision was predicated on the *Lockwood* decision, which was overruled by enactment of § 541(a)(1). Since property of the estate now includes all of a debtor's property, including that necessary for a fresh start, Judge Schermer reasoned an earned income credit is property of the estate.

This Court is persuaded that an earned income credit constitutes property of the estate. Section 541(a)(1) was intended to be broad in scope and it encompasses property needed by a debtor to ensure a "fresh start." The analysis and case law relied on in *Searles* has been superseded by adoption of § 541(a)(1). While the *Hurles* court properly distinguished the fact that an earned income tax credit is not an income tax refund, the decision failed to examine the nature of an earned income credit and whether a debtor has a legal or equitable interest in it. If an individual meets the eligibility requirements set forth in 26 U.S.C. § 32, he or she may file a tax return in order to recover the earned income credit and in some cases may seek advance payment of the credit. The debtor clearly has an interest in the credit and it is property of the estate. § 541(a)(1).

B) *Exempt Property—§ 627.6(8)(a)*

 The debtor claims the earned income credit is exempt as a "local public assistance benefit" under Iowa Code § 627.6(8)(a). There appears to be no Iowa case law defining the term "local public assistance benefit." The exemption provisions of Iowa Code § 627.6(8)(a) are identical to those found in 11 U.S.C. § 522(d)(A). The legislative history of 11 U.S.C. § 522(d)(10) indicates it "exempts certain benefits that are akin to future earnings of the debtor," but it provides no elaboration as to what type of payments will constitute

public assistance benefits. H.R.Rep. No. 595, 95th Cong., 2nd Sess. 362 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6318.

 The basic purposes served by exemption laws are: 1) to provide a debtor enough money to survive; 2) to protect the debtor's dignity and cultural and religious identity; 3) to afford a means of financial rehabilitation; 4) to protect the family unit from impoverishment; and 5) to spread the burden of the debtor's support from society to his creditors. *Matter of Hahn,* 5 B.R. 242, 244 (Bankr.S.D.Iowa 1980). It is a well-settled proposition that Iowa's exemption statutes must be liberally construed, *Matter of Honomichl,* 82 B.R. 92, 93 (Bankr.S.D.Iowa 1987), yet a court must be careful not to depart substantially from the express language of the exemption statute or to extend the legislative grant. *Id.*

At least two other bankruptcy courts have held earned income credits are exempt under state exemption statutes. In *In re Jones,* 107 B.R. 751 (Bankr.D.Idaho 1989), the court was construing a statute which exempted benefits an individual was entitled to receive under "local public assistance legislation." The court in *In re Murphy,* 99 B.R. 370 (Bankr.S.D.Ohio 1988), construed a statute which exempted "poor relief payments."

In his brief the trustee has not contested the debtor's argument that an earned income credit constitutes a "local public assistance benefit" under § 627.6(8)(a). While the Court recognizes that the term "local" qualifies the type of benefits which are exempt, the trustee has made no argument that an earned income credit is not a "local" public assistance benefit. Absent any such argument by the trustee, and in light of the liberal interpretation courts are to give Iowa exemption statutes, the Court finds the earned income credit in this case is exempt under § 627.6(8)(a).

C) *Section 627.6(9)(c)*

 The debtor contends the language of § 627.6(9)(c) precludes the trustee from recovering more than 25% of the amount by which her accrued wages and taxes

exceed $1,000. The language of that statute provides:

**General exemptions.**

A debtor who is a resident of this state may hold exempt from execution the following property:

. . . .

9. Any combination of the following, not to exceed a value of five thousand dollars in the aggregate:

. . . .

c. In the event of a bankruptcy proceeding, the debtor's interest in accrued wages and in state and federal tax refunds as of the date of filing of the petition in bankruptcy, not to exceed one thousand dollars in the aggregate. This exemption is in addition to the limitations contained in sections 642.21 and 537.5105.

Relying on the last sentence in this statute, the debtor argues she is allowed to exempt $1000 of accrued wages and taxes, and what the trustee may take of any amount remaining beyond that $1000 is subject to the garnishment limitations of § 642.21 and § 537.5105. Implicit in the debtor's argument is the fact that she would retain the rest of the sum the trustee would not acquire. Sections 642.21 and 537.5105 limit a creditor's ability to garnish a debtor's earnings. The limitations ensure a debtor will retain disposable earnings equivalent to thirty or forty times the minimum hourly wage. Regardless of how large an amount of accrued wages and tax refunds a debtor was entitled to, under the debtor's interpretation of § 627.6(9)(c) the trustee would never be able to recover any more than that provided by the garnishment formulas of § 642.21 and § 537.5101.

The reference to the $1,000 exemption in § 627.6(9)(c) states it is "in addition" to the limitations contained in § 642.21 and § 537.5105. Construction of this language was addressed by Judge Melloy in *In re Madia,* No. 86–00453S (Bankr.N.D.Iowa Dec. 4, 1987). In that decision Judge Melloy rejected the argument that the "in addition" language allowed a debtor to exempt more than $1000 in accrued wages and tax refunds. He concluded § 627.6(9)(c) should

be read to mean a debtor may claim up to $1000 in accrued wages and income tax refunds as exempt and that exemption *is not limited* by §§ 642.21 and 537.5105.

It should be noted that the first sentence of that section limits the accrued wage and tax refund exemption in a bankruptcy proceeding to $1,000. The next sentence states that that exemption is in addition to the limitations contained [in] §§ 642.21 and 537.5105. To read that section as Debtors suggest would give no meaning to the first sentence of this section which indicates that the exemption is not to exceed $1,000 in the aggregate. In other words, this Court interprets that section to mean that debtors may exempt up to $1,000 of accrued wages, regardless of the limitations contained in §§ 642.21 and 537.5105.

*Id.* at 7.

In addition, Judge Melloy concluded §§ 537.5105 and 642.21 applied only to garnishment proceedings against an individual. A trustee in bankruptcy is not garnishing a debtor's wages. Pre-petition wages become property of the estate upon filing of the bankruptcy petition and requiring the debtor to turnover the property does not constitute a garnishment. "[T]herefore, §§ 537.5105 and 642.21 do not apply in this case." *Id.* at 8; *see also, In re Orndoff,* 100 B.R. 516, 519 (Bankr.E.D.Cal.1989) (state garnishment statute could not be used to determine extent of exempt nature of income tax refund).

In *Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974), the United States Supreme Court was faced with a similar question. The Court held an income tax refund was "property" under § 70a(5) of the Bankruptcy Act and the garnishment limitations of the Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq., did not limit the trustee's right to recover the refund as property of the bankrupt's estate. *Id.* at 651–52, 94 S.Ct. at 2436–37.

This Court concurs with the reasoning of Judge Melloy in *Madia.* Sections 537.5105 and 642.21 apply to the garnishment of disposable earnings and do not affect a

trustee's attempt to collect accrued wages and tax refunds which are property of the estate. The reference to those sections in § 627.6(9)(c) reflects the legislature's intention that a debtor be entitled to exempt $1,000 in accrued wages and tax refunds regardless of statutory restrictions which would ordinarily adhere in nonbankruptcy proceedings.

IT IS HEREBY ORDERED:

1. The earned income credit is property of the estate;

2. The $953 earned income credit is exempt under § 627.6(8)(a); and

3. The debtor may exempt only $1,000 of her accrued wages and tax refunds under § 627.6(9)(c). The trustee may recover that amount of accrued wages and tax refunds which exceed $1,000, which in this case is $79.00.