# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 03-6095NI

_____

In re:                                    *
                                          *
Samuel Irish and                          *
Stephanie J. Irish                        *
                                          *
          Debtors.                        *
                                          *
                                          *
Wil L. Forker, Trustee                    *
                                          *   Appeal from the United States
          Plaintiff - Appellant,          *   Bankruptcy Court for the Northern
                                          *   District of Iowa
               v.                         *
                                          *
Stephanie J. Irish                        *
                                          *
          Defendant - Appellee.           *

_____

Submitted: April 12, 2004
Filed: May 20, 2004

_____

Before DREHER, MAHONEY, and VENTERS, Bankruptcy Judges.

_____

VENTERS, Bankruptcy Judge.

This is an appeal from an order of the bankruptcy court[1] holding that $3,300.00 in accrued and unpaid wages owing to Stephanie Irish are totally exempt from property of her bankruptcy estate. The singular issue on appeal hinges on whether the language of Iowa Code § 627.6(9)(c) allows a debtor in bankruptcy to claim a general exemption of up to $1,000.00 in accrued, unpaid wages that are owing on the petition date in addition to any amounts the debtor would be able to exempt against a garnishing creditor. For the reasons stated below, we affirm the order of the bankruptcy court.

## I. STANDARD OF REVIEW

In appeals from the bankruptcy court, legal conclusions are reviewed *de novo*. *Blackwell v. Lurie (In re Popkin & Stern)*, 223 F.3d 764, 765 (8th Cir. 2000); *Official Committee of Unsecured Creditors v. Farmland Industries, Inc.*, 296 B.R. 188, 192 (B.A.P. 8th Cir. 2003).

## II. BACKGROUND

Stephanie Irish ("Stephanie" or "Irish") works as a school teacher. Under her employment contract, she is paid on a twelve-month basis, but she does not work a twelve-month year. For the 2002-2003 school year, her teaching responsibilities ended on July 2, 2003, and on July 11, 2003, Stephanie and her husband filed a joint petition under Chapter 7 of the Bankruptcy Code. At the time of filing, Stephanie had accrued, unpaid, net wages of $3,300.00 for the months of July and August, and her expected calendar year earnings for 2003 were between $16,000.00 and $24,000.00. Only consumer debts were listed in the Debtors' schedules.

---

[1] The Honorable William L. Edmonds, United States Bankruptcy Court for the Northern District of Iowa.

In her bankruptcy schedules, Stephanie claimed the entire amount of her accrued, unpaid, summer wages as an asset exempt from the bankruptcy estate. The bankruptcy court approved Stephanie's entitlement to claim the exemption over the objection of the Chapter 7 panel trustee, and this appeal followed.

## III. DISCUSSION

The Trustee argues that under the language of Iowa Code § 627.6(9)(c), and the cases interpreting it, Irish impermissibly used both a general wage exemption statute and an exemption from garnishment statute to keep her accrued, unpaid wages from the reach of creditors in her bankruptcy case. Irish, on the other hand, contends that she is entitled to exempt her accrued, unpaid wages under § 627.6(9)(c), which provides:

>  A debtor who is a resident of this state may hold exempt from execution the following property
>
> ....
> 9. Any combination of the following, not to exceed a value of five thousand dollars in the aggregate:
> > a. Musical instruments, not including radios, television sets, or record or tape playing machines, held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.
> > b. One motor vehicle.
> > c. In the event of a bankruptcy proceeding, the debtor's interest in accrued wages and in state and federal tax refunds as of the date of filing of the petition in bankruptcy, not to exceed one thousand dollars in the aggregate. This exemption is in addition to the limitations contained in sections 642.21 and 537.5105.

Iowa Code § 627.6(9)(c).

3

In turn, § 642.21(1)(b) states that "[t]he disposable earnings of an individual are exempt from garnishment to the extent provided by the Consumer Protection Act," 15 U.S.C. §§ 1671-77, and for employees earning between $16,000.00 and $24,000.00 the maximum amount of earnings that may be garnished by a single creditor is $800.00 in a calendar year. Under 15 U.S.C. § 1673, the maximum amount of weekly disposable earnings subject to a creditor's garnishment is 25%. Like § 1673, Iowa Code § 537.5105 limits the amount of a garnishment arising from a consumer credit transaction to 25% of the employee's weekly earnings.[2]

Interpreting these statutes, Irish argues: (1) that she is entitled to exempt from property of the estate 75% of her net disposable earnings pursuant to Iowa Code § 537.5105 and 15 U.S.C. § 1673, thereby exempting $2,475.00 of her $3,300.00 of accrued, unpaid wages; (2) that only $800.00 of her accrued, unpaid wages are subject to the claims of the Trustee as a single creditor under Iowa Code § 642.21(1)(b), resulting in a further exemption of $25.00; and (3) that she is entitled to an exemption of $1,000.00 in the total amount of accrued, unpaid wages subject to a creditor's garnishment rights under § 627.6(9)(c).[3] Thus, Irish contends, she has $3,500.00 in total wage exemptions to cover her $3,300.00 in accrued, unpaid wages. In reaching the merits of this appeal, we must determine that accrued, unpaid wages are property of the bankruptcy estate, that a debtor is entitled to use Iowa garnishment protection statutes in bankruptcy, and interpret § 627.6(9)(c) to determine the total amount of accrued, unpaid wages that a debtor may exempt.

---

[2]  The Federal garnishment statutes apply unless Iowa law provides for greater restrictions. 15 U.S.C. § 1677.

[3]  Irish and her husband did not claim any tax refund amounts as exempt.

**A. Accrued Wages as Property of the Estate**

Wages that are earned pre-petition but that have not yet been paid are property of the estate. 11 U.S.C. § 541(a)(1) (providing that the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case"); *Aveni v. Richman*, 458 F.2d 972, 973 (6th Cir. 1972) (holding that wages that have accrued but are unpaid as of the date of the filing of a petition are property of the estate), *cert. denied*, 409 U.S. 877, 93 S. Ct. 129, 34 L. Ed. 2d 131 (1972); *Thomas v. Beneficial of Missouri (In re Thomas)*, 215 B.R. 873, 875 (Bankr. E.D. Mo. 1997) (same). *Cf.* 11 U.S.C. § 541(a)(6) (excepting earnings from property of the estate for services performed by an individual debtor after the commencement of the case); *Kokoszka v. Belford*, 417 U.S. 642, 648, 94 S. Ct. 2431; 41 L. Ed. 2d 374 (1974) (holding that a debtor's entitlement to an income tax refund, accrued and unpaid when the debtor filed the petition, was property of the estate because it was not an entitlement to future wages). Accrued, unpaid wages are property of the estate because the debtor has both a legal and an equitable interest in receiving payment as of the commencement of the case and those accrued wages do not represent monies earned post-petition.

**B. Garnishment Protections as an Iowa Exemption**

Irish argues that under 15 U.S.C. § 1672(c) – specifically incorporated into Iowa law by Iowa Code § 642.21 – a bankruptcy trustee's use of her accrued, unpaid wages constitutes a garnishment within the meaning of the statute inasmuch as bankruptcy is a "legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt." Thus, Irish contends, she is entitled to use the garnishment protection statutes in her bankruptcy proceeding.

The Supreme Court – dealing with a claimed exemption of a tax refund – held that the Consumer Credit Protection Act, 15 U.S.C. § 1671-77, was intended to prevent consumers from entering bankruptcy, and that the Act was never intended to "alter the delicate balance of a debtor's protections and obligations during bankruptcy procedure." *Kokoszka*, 417 U.S. at 651-52. Like Irish, the debtor in *Kokoszka* argued that the taking of custody by the trustee of a tax refund was a "garnishment." *Id.* at 649. Significantly, that decision was predicated on the Court's finding that income tax refunds were not "earnings" of the bankrupt within the meaning of 15 U.S.C. § 1672(c). *Id.* at 651. Nevertheless, courts have expressly refused to construe the Consumer Credit Protection Act as providing an additional exemption in bankruptcy. *See In re Brissette*, 561 F.2d 779, 784-85 (9th Cir. 1977) ("While the *Kokoszka* Court did not directly hold that the [Consumer Credit Protection Act] is not a federal bankruptcy exemption statute, such a conclusion is compelled by its reasoning and the legislative history ... there discussed."); *Riendeau v. Canney (In re Riendeau)*, 293 B.R. 832, 838 (D. Vt. 2002) ("[I]t is clear to this Court that the CCPA's purpose is to keep debtors out of bankruptcy, and not to expand their protections once they have filed their bankruptcy petition."), *aff'd*, 336 F.3d 78 (2nd Cir. 2003). However, a state may incorporate its own garnishment protection statute into its own exemption list – and even adopt the Federal Consumer Credit Protection Act as a state law exemption. *Brissette*, 561 F.2d at 786 (stating that while the Consumer Credit Protection Act is not an exemption statute to which the Bankruptcy Code referred, through the process of "double adoption" the Consumer Credit Protection Act could be adopted into California law as an exemption, which is then adopted by the Bankruptcy Code through 11 U.S.C. § 522(b)(2)(A)).

Iowa has opted out of the federal exemptions in 11 U.S.C. § 522(d). Iowa Code § 627.10. Thus, the validity of bankruptcy exemptions in Iowa stems from 11 U.S.C. § 522(b)(2)(A), which provides that a debtor may exempt from property of the estate any property "that is exempt under Federal law, other than under subsection (d) of this section, or State or local law." Thus, even if the Federal Consumer Credit

6

Protection Act is not applicable in bankruptcy – an issue which we need not decide today – Iowa law may provide the basis for claiming an exemption based on garnishment protection statutes.

Two earlier cases from Iowa held that a debtor is not entitled to claim an exemption in accrued, unpaid wages by utilizing the garnishment exemptions unless there is actually a garnishing creditor. *In re Davis*, 136 B.R. 203, 208 (Bankr. S.D. Iowa 1991) (holding that Iowa's exemptions in garnishment proceedings do not apply to the trustee in bankruptcy because pre-petition wages become property of the estate upon filing and requiring the debtor to turn over property of the estate does not constitute a garnishment); *In re Madia*, No. 86-00453S (Bankr. N.D. Iowa Dec. 4, 1987) (same). According to *Davis* and *Madia*, in the absence of a garnishing creditor, the necessary prerequisite for invoking the garnishment exemptions provided in Iowa Code §§ 537.5105 and 642.21 is simply absent.

*Davis* and *Madia*, however, misread the statutes. We are convinced that Iowa's garnishment protection statutes are available for a debtor's use in bankruptcy for the simple reason that the Iowa Code expressly makes Iowa's garnishment protection statutes applicable in bankruptcy. Iowa Code § 627.6(9)(c) (stating that a portion of accrued wages is exempt from the bankruptcy estate and that the exemption is *in addition to* the limitations contained in Iowa's garnishment protection statutes). Moreover, the Iowa General Assembly specifically entitled § 642.21, "Exemptions from net earnings," and all state law exemptions are made applicable to bankruptcy proceedings under 11 U.S.C. § 522(b)(2)(A). *Cf.* 15 U.S.C. § 1673 (entitled "Restriction on garnishment"). "Exempt property" means that property in possession of a debtor which, by law, a creditor cannot attach to satisfy a debt, and the purpose of an exemption is to prevent a debtor from becoming destitute. *Black's Law Dictionary* 593 (7th ed. 1999). Additionally, a bankruptcy proceeding easily falls within the ambit of Iowa's adopted definition of "garnishment," which is any "legal or equitable procedure through which the earnings of any individual are required to

7

be withheld for payment of any debt." 15 U.S.C. § 1672(c); Iowa Code § 642.21 (incorporating 15 U.S.C. § 1672 into Iowa law). The lack of a garnishing creditor in the traditional sense, as advocated by *Davis* and *Madia*, has no bearing on whether a debtor in bankruptcy can utilize a state law exemption for net wages because the Iowa General Assembly specifically determined that a debtor could exempt a portion of his or her net wages from creditors, and the General Assembly made that exemption applicable to any procedure whereby a worker's earnings would be used to satisfy a debt. Bankruptcy is precisely such a procedure. Therefore, even though the federal garnishment protection statutes may not be available as an exemption in bankruptcy under *Kokoszka* and its interpreting cases, as a matter of Iowa law, and under 11 U.S.C. § 522(b)(2)(A), Iowa's garnishment protection statutes are applicable to bankruptcy proceedings.

## C. Interpretation of Iowa Code § 627.6(9)(c).

The crux of this matter concerns the statutory interpretation of § 627.6(9)(c) of the Iowa Code.

Under Iowa law, when the express terms of a statute provide a plain meaning, a court should not look beyond those express terms. *Benjegerdes v. Reindl (In re Reindl)*, 671 N.W.2d 466, 469 (Iowa 2003). In interpreting a statute, courts attempt to give effect to the general assembly's intent in enacting the law, which is generally gleaned from the language of the statute. *Griffin Pipe Products Co. v. Guarino*, 663 N.W.2d 862, 864-65 (Iowa 2003). "The court is not at liberty to read into the statute provisions which the legislature did not see fit to incorporate, nor may it enlarge the scope of its provisions by an unwarranted interpretation of the language used." *Moulton v. Iowa Employment Sec. Comm'n*, 34 N.W.2d 211, 216 (1948), *superceded by statute on other grounds*, Iowa Code § 96.5(1)(d). Only when a statute is ambiguous does a court examine the legislative history to ascertain legislative intent. *Midwest Auto. III, L.L.C. v. Iowa DOT*, 646 N.W.2d 417, 425 (Iowa 2002).

8

Ambiguity in a statute arises if reasonable persons can disagree as to its application. *State ex rel. Miller v. Midwest Pork, L.C.*, 625 N.W.2d 694, 700 (Iowa 2001).

Both *Davis* and *Madia*, *supra*, interpret the language of the statute – specifically the part reading, "This exemption is in addition to the limitations contained in sections 642.21 and 537.5105" – as being limited by the $1,000.00 aggregate cap for accrued wages and tax refunds. That is, "§ 627.6(9)(c) should be read to mean a debtor may claim up to $1000 in accrued wages and income tax refunds as exempt and that exemption is not limited by [any lesser amounts that the debtor could exempt under] § 642.21 and 537.5105." *Davis*, 136 B.R. at 208. *Davis* and *Madia* argue that reading the statute as only allowing the trustee to attach 25% of any garnishment recovery exceeding $1,000.00 – subject to the maximum dollar amounts as stated in § 537.5105 – would render the first sentence of § 627.6(9)(c) meaningless inasmuch as the combined aggregate could exceed the $1,000.00 limit. In short, under the dictates of *Davis* and *Madia*, a debtor could never claim more than an exemption of $1,000.00 in accrued, unpaid wages regardless of the amount a debtor could exempt under the garnishment statutes.

Irish, however, argues that *Davis* and *Madia* rewrite the statute, to ostensibly comport with the intent of the General Assembly, so that the statute reads that a debtor may exempt up to $1,000.00 in accrued wages – not *in addition to* amounts retained under the garnishment protections – but *as a limitation on* any amounts in excess of $1,000.00 that a debtor could otherwise protect under Iowa non-bankruptcy law. Unlike *Davis* and *Madia*, Irish interprets the "in addition to" language of § 627.6(9)(c) according to its common meaning – that is, something added that increases the value of the general exemption.

Because the statute is ambiguous, inasmuch as reasonable persons could disagree on the total amount of wages a debtor is able to exempt from property of the estate, the amount of that exemption depends on the intent of the legislature. When

a statute is ambiguous, the Iowa General Assembly specifically details factors for a court to consider:

> If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters:
>     1.  The object sought to be attained.
>     2.  The circumstances under which the statute was enacted.
>     3.  The legislative history.
>     4.  The common law or former statutory provisions, including laws upon the same or similar subjects.
>     5.  The consequences of a particular construction.
>     6.  The administrative construction of the statute.
>     7.  The preamble or statement of policy.

Iowa Code § 4.6.

Under the rules of statutory interpretation, we think *Davis* and *Madia* have tortured the plain language and the intent of § 627.6(9)(c).  Before 1981, no general exemption existed in Iowa for accrued and unpaid wages, but a debtor could exempt from property of the estate monies received from pensions and workers' compensation benefits.  §§ 627.8 (1979); 627.13 (1979).  In 1981 the Iowa General Assembly passed an act "relating to the properties that are exempt from judicial process," adding new provisions to the general exemption statutes. 81 Acts, ch. 182, §§ 2-3.  The new provisions were added specifically so that Iowa could opt out of the federal exemptions in 11 U.S.C. § 522(d), and the new general exemption statutes were enacted for the purpose of complying with § 522(b)(1) of the Bankruptcy Code. After the 1981 changes, a debtor in Iowa could specifically exempt social security benefits, unemployment compensation, local public assistance benefits, veterans benefits, disability or illness benefits, and payments under a pension plan.  Iowa Code § 627.6(9)(a-e) (1985).  In addition, a debtor could exempt up to $5,000.00 in musical instruments, one motor vehicle, professional tools of the trade, a wagon team, and significantly, "in the event of a bankruptcy proceeding, the debtor's interest in

10

accrued wages and in state and federal tax refunds as of the date of filing of the petition in bankruptcy, not exceeding one thousand dollars in the aggregate." § 627.10(a-e) (1985). Like its modern counterpart, § 627.10(e) specifically stated that the wage exemption "is in addition to the limitations contained in sections 642.21 and 537.5105." Section 642.21 is specifically entitled "Exemption from net earnings," and it is entirely consistent that the general exemption statute of § 627.6(9)(c) would incorporate the more specialized exemption statute of § 642.21 as one of several alternative methods for reaching a $5,000.00 aggregate cap on the amount a debtor may exempt from property of the estate.

Additionally, Irish argues that the construction given to the general exemption statute by *Davis* and *Madia* contravenes the overall purpose of the general exemption statute because under that construction she would be afforded lesser rights in bankruptcy than if she had never filed bankruptcy. For example, a person having $4,000.00 in accrued, unpaid wages outside of bankruptcy could exempt at least $3,000.00 from a garnishment action – if not more – whereas if that same person were in bankruptcy the amount of the exemption would only be $1,000.00 – resulting in a $2,000.00 penalty for filing bankruptcy. This construction is contrary to the mandate that Iowa's general exemptions are to be liberally construed to effectuate the purpose of "support[ing] and protect[ing] the family, the spouse and children, and to educate and train the young." *In re Grilk's Will*, 231 N.W. 327, 328 (Iowa 1930).

The Trustee argues that, as a practical matter, Irish's construction of the statute makes no sense. In essence, adding the $1,000.00 exemption with a garnishment exemption of 75% of aggregate disposable weekly earnings would mean that a debtor would have to accrue more than $4,000.00 in unpaid wages before a trustee could garnish anything – and that is not even accounting for the maximum garnishment

11

limits for a single creditor.[4] Pursuant to the Trustee's argument, Irish's interpretation of the statute goes too far in protecting a debtor at the expense of the creditors of the estate. We are, however, not convinced by this argument. Iowa Code § 627.6(9) specifically limits the aggregate cap for the amount of total exemptions claimed under subsections (a-c) to $5,000.00. A creditor claiming a $4,000.00 wage exemption would only be able to exempt an additional $1,000.00 in a single automobile and in musical instruments, which would potentially free up additional funds for creditors. Furthermore, the Trustee's interpretation is not consonant with the liberalizing nature of the 1981 amendments to Iowa's general exemption statute, which were specifically enacted for the purpose of exempting property from judicial process – not for the purpose of restricting the amount and nature of a debtor's exemptions.

In summary, the Court holds that Irish may exempt from property of the estate her accrued, unpaid wages of $3,300.00 by utilizing both the $1,000.00 exemption for wages and tax refunds of § 627.6(9)(c) in addition to any amount Irish could protect from creditors under the garnishment protections statutes of §§ 642.21 and 527.5105. The total amount of Irish's exemptions under all subsections of § 627.6(9) is limited to $5,000.00.

The order of the bankruptcy court is affirmed.

---

[4] The Trustee argues that a debtor would have to earn more than $24,000.00 per year before a single creditor could garnish up to $1,000.00. Iowa Code § 642.21(1)(c) (stating that the maximum amount subject to garnishment for each judgment creditor is $800.00 if an employee earns between $16,000.00 and $24,000.00 per year and $1,500.00 if an employee earns between $24,000.00 and $35,000.00 per year). These limits are for single creditors. If more than one creditor exists, then the maximum amount subject to garnishment – from the debtor's perspective – multiplies, but in no event may multiple creditors garnish more than 25% of an individual's aggregate disposable earnings. § 537.5105 and 15 U.S.C. § 1673.